MARIA C. RODRIGUEZ (SBN 194201)
mcrodriguez@mcdermottlaw.com
ELVIRA R. KRAS (SBN 320390)
ekras@mcdermottlaw.com
ALEXANDER RANDOLPH (SBN 334758)
arandolph@mcdermottlaw.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone: (310) 277-4110

Attorneys for Defendant
CIRCLE K STORES, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAVANA PILKINGTON, SYLVIA HERNANDEZ, CINDY CUNNINGHAM, and MARILYN RYCHART, individuals and in their capacity as the State of California's designated proxies under the Private Attorneys General Act (PAGA) and on behalf of others,<br><br>Plaintiffs,<br><br>v.<br><br>CIRCLE K STORES, INC.; a Texas corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'26CV1331 AJB  VET**<br><br>Hon.<br>Dept.<br><br>**DEFENDANT CIRCLE K STORES, INC.'S NOTICE OF REMOVAL OF ACTION**<br><br>Action Filed:  October 27, 2025 |

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant CIRCLE K STORES, INC. ("Circle K" or "Defendant"), by and through its attorneys of record, hereby removes the above-entitled action pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1332. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) and while Circle K disputes the allegations of wrongdoing in the Complaint and disputes that Plaintiffs are entitled to relief in any amount from Circle K, for purposes of removal, the alleged amount in controversy exceeds $75,000 with respect to the potential award. Removal is also proper because diversity exists between Plaintiffs Savana Pilkington, Sylvia Hernandez, Cindy Cunningham, Marilyn Rychart ("Plaintiffs"), and Circle K.

## PROCEDURAL SUMMARY

1. On or about October 27, 2025, Savana Pilkington ("Pilkington") commenced an action against Circle K in the Superior Court of California, County of San Diego, in her complaint entitled *Savana Pilkington v. Circle K Stores, Inc., and DOES 1 – 100, inclusive*, case number 25CU058108C ("Complaint"). On or around January 30, 2026, the Complaint was amended to add three additional plaintiffs, Sylvia Hernandez ("Hernandez"), Cindy Cunningham ("Cunningham"), and Marilyn Rychart ("Rychart").

2. Pilkington filed the initial Complaint on October 27, 2025. Attached as **Exhibit A** is a true and correct copy of the initial Complaint. That same day, Pilkington also filed a Civil Case Cover Sheet and Notice of Case Assignment and Case Management, which comprise all other documents that were filed or served by Pilkington at the time. Attached as **Exhibit B** are true and correct copies of the Civil Case Cover Sheet and the Notice of Case Assignment and Case Management. On or around January 30, 2026, a First Amended Complaint ("FAC") was filed and served via email. Attached as **Exhibit C** is a true and correct copy of the FAC.

## BASIS FOR JURISDICTION

3. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) based on diversity jurisdiction. The diversity-of-citizenship requirement is satisfied because Plaintiffs are citizens of a state different from Circle K. While Circle K disputes the allegations of

McDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

wrongdoing in the Complaint and disputes that Plaintiffs are entitled to relief in any amount from Circle K, the amount in controversy requirement is satisfied because Plaintiffs' First Amended Complaint seeks damages in excess of $75,000 for each named Plaintiff, exclusive of fees and costs. Thus, the state action is properly removed to this Court.

4.    Accordingly, the operative and representative claims in Plaintiffs' First Amended Complaint are properly removed to this Court: (1) failure to pay state minimum/regular/local wages; (2) failure to pay state overtime; (3) failure to make payments within the required time; (4) meal and rest break Labor Code violations; (5) failure to provide accurate wage statements; (6) failure to provide and maintain records; (7) failure to reimburse work related expenses; (8) failure to properly pay sick pay; and (9) claim for miscellaneous Labor Code violations via the PAGA.

## THE PARTIES' DIVERSITY OF CITIZENSHIP

5.    At all relevant times, Pilkington is and has been a citizen and resident of the State of California in San Diego County; Hernandez is and has been a citizen and resident of the State of California in San Diego County; Cunningham is and has been a citizen and resident of the State of Georgia in Cobb County; and Rychart is and has been a citizen and resident of the State of California in San Diego County.

6.    At all relevant times, Circle K is and has been a citizen of the State of Texas and Arizona within the meaning of 28 U.S.C. § 1332(c)(1), because it is now and was at all material times incorporated under the laws of the State of Texas and maintained its principal place of business in the State of Arizona. Tempe, Arizona is the site of Circle K's corporate headquarters and Circle K's core executive and administrative functions are directed from Tempe, Arizona. Accordingly, Circle K's principal place of business is in Arizona under the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

1.    Pursuant to 28 U.S.C. § 1441(b)(1), all potential "Doe" defendants shall be disregarded for purposes of removal. To that end, there are no allegations in the Complaint with respect to any potential "Doe" defendants and therefore said "Doe" defendants are too vague to identify or to determine their relationship to the claims. (**Exhibit C**, FAC).

///

**DEFENDANT'S NOTICE OF REMOVAL**

2.  Thus, diversity of citizenship exists between Plaintiffs and one named defendant, Circle K.

## THE AMOUNT IN CONTROVERSY

3.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Circle K is not obliged to research, state, and prove the plaintiff's claims for damages. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). A defendant can establish the amount in controversy by the allegations in the complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by the plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198.[1]

4.  In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the complaint, not what the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

5.  Plaintiffs do not pray for a specific dollar amount in their Complaint. When the amount in controversy is not readily apparent from the complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d

---

[1] A notice of removal need only provide a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Because § 1446 tracks Rule 8's liberal pleading standard, a notice of removal need only allege the grounds plausibly and need not be supported by evidentiary submissions. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."); *see also Roa v. TS Staffing Servs., Inc.*, Case No. 2:14-CV-08424-ODW, 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015) ("The 'short and plain statement' language from § 1446(a) applies to the entire notice of removal, and therefore would apply equally to all CAFA allegations and not just the amount-in-controversy requirement.").

3

**DEFENDANT'S NOTICE OF REMOVAL**

976, 980 (9th Cir. 2005) (quoting *Singer*, 116 F.3d at 377 (9th Cir. 1997)).

6.    Statutory penalties may be considered by the Court when determining the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).

7.    The Court should also include requests for attorneys' fees in determining the amount in controversy. *Fritsch v. Swift Transportation Company of Arizona*, LLC, 899 F.3d 785, 794 (2018) (holding that "future attorneys' fees should be included in the amount in controversy.").

8.    Circle K denies Plaintiffs claims in their entirety and asserts that Plaintiffs' claims are not amenable to representative treatment under PAGA, but provides the following analysis of potential damages, without admitting liability, in order to demonstrate that Plaintiffs' Complaint puts a sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(d).

9.    **In their First Amended Complaint, Plaintiffs allege damages and penalties in excess of $75,000** to each of the four named Plaintiffs (**Exhibit C**, FAC, 39) (emphasis added). Plaintiffs' prayer for damages and penalties in excess of $75,000 for each of the four named Plaintiffs does not include an award of attorneys' fees and costs.

10.    Plaintiff's stated amount of alleged damages is generally accepted if made in good faith. To dismiss the case, it must be apparent "to a legal certainty" that the amount-in-controversy is less than $75,000. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348 (1961); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938).

11.    Moreover, if the complaint alleges a specific monetary amount greater than $75,000, it is presumed that the jurisdictional requirement is met. *See Red Cab Co.*, 303 U.S. at 288; *see also Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007).

12.    Plaintiffs' first cause of action is for failure to pay state minimum/regular/local wages. Plaintiffs allege that Pilkington was required to work off-the-clock during three separate instances that took no more than 30 minutes, and one additional instance that took her a few minutes. (**Exhibit C**, FAC, 10-11). Plaintiffs also allege that they were required to spend at least 5 minutes working off-the-clock at the end of each shift to clean up counters and through away trash at the end of each shift (**Exhibit C**, FAC, ¶ 83). Plaintiffs allege that such violations of Labor Code § 2699, *et seq.* impose upon Circle K a penalty of one hundred dollars ($100.00) for each aggrieved employee per

MᴄDᴇʀᴍᴏᴛᴛ Wɪʟʟ &Sᴄʜᴜʟᴛᴇ LLP
ATTORNEYS AT LAW
LOS ANGELES

4

**DEFENDANT'S NOTICE OF REMOVAL**

pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation.

13.     Plaintiffs' second cause of action is for failure to pay overtime. Plaintiffs do not provide the number of minutes they worked unpaid overtime but allege that Circle K "required Aggrieved Employees to work more than 40 hours per week and/or eight hours in a workday to which they had the right to receive wages and Defendants did not pay Plaintiffs and the Aggrieved Employees all overtime compensation to which they should have received at the applicable wage rate" (**Exhibit C**, FAC, ¶ 158). Plaintiffs allege that such violations of Labor Code § 2699, *et seq.* impose upon Circle K a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation.

14.     Plaintiffs' third cause of action is for failure to pay all wages due upon separation of employment. Plaintiffs allege that Circle K has "not paid terminated Aggrieved Employees all earned wages as required by law and did not and continue to fails to pay current employees in a timely manner as required by law" (**Exhibit C**, FAC, ¶ 172). Furthermore, Plaintiffs allege that "Labor Code § 203 provides, in pertinent part: 'If an employer willfully fails to pay, without abatement or reduction, ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days...'" (**Exhibit C**, FAC, ¶ 168). Plaintiffs allege that such violations of Labor Code § 2699, *et seq.* impose upon Circle K a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation.

15.     Plaintiffs' fourth cause of action is for failure to provide meal periods or premium pay in lieu thereof. Plaintiffs allege that "when Plaintiffs and Aggrieved Employees worked more than five and/or ten hours in a workday, they were deprived their right to take lawful meal breaks and Defendants failed to pay them premium pay for the missed or noncompliant breaks..." (**Exhibit C**, FAC, ¶ 104). Plaintiffs further allege that because of Circle K's "policy, practice, and work demands,

McDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

**DEFENDANT'S NOTICE OF REMOVAL**

Defendants prevented Plaintiffs and Aggrieved Employees from taking all their uninterrupted rest breaks to which they had the right to enjoy..." (**Exhibit C**, FAC, ¶ 109.) Plaintiffs allege that such violations of Labor Code § 2699, *et seq.* impose upon Circle K a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation.

16.    Plaintiffs' fifth cause of action is for failure to provide accurate itemized wage statements. Plaintiffs allege that Circle K "did not provide accurate wage statements to the Aggrieved Employees" (**Exhibit C**, FAC, ¶187).  Plaintiffs allege that such violations of Labor Code § 2699, *et seq.* impose upon Circle K a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation.

17.    Considering Plaintiffs' first, second, fourth, and fifth causes of action alone, Plaintiffs' alleged damages for Cunningham exceed $75,000. Plaintiffs allege that default penalties under PAGA for these four Labor Code violations alone result in penalties of $400 for Ms. Cunningham's first pay period. Each subsequent pay period thereafter results in penalties of $800 for Cunningham alone. Cunningham worked for Circle K for over 9 years (Declaration of Ada Rodriguez In Support of Defendant's Notice of Removal ("Rodriguez Decl."), ¶ 14). At the time of her separation from employment, Cunningham worked as a full-time employee who was generally scheduled to work 40 hours per week (Rodriguez Decl., ¶ 15). Cunningham was paid bi-weekly (Rodriguez Decl., ¶ 16). Even with a conservative estimate of 20 bi-weekly pay periods per year, penalties for Cunningham alone reach over $144,000 ($200 for each violation * four (4) violations * 20 pay periods * 9 years = $144,000).

18.    Considering Rychart, Plaintiffs' alleged damages from their first, second, fourth, and fifth causes of action alone also result in damages that far exceed $75,000. Plaintiffs allege that default penalties under PAGA for these four Labor Code violations result in penalties of $400 for Rychart's first pay period. Each subsequent pay period thereafter results in penalties of $800 for Rychart alone. Rychart worked for Circle K for over 10 years (Rodriguez Decl., ¶ 18). At the time of her separation from employment, Rychart worked as a full-time employee who was generally

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

**DEFENDANT'S NOTICE OF REMOVAL**

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

scheduled to work 40 hours per week (Rodriguez Decl., ¶ 19). Rychart was paid bi-weekly (Rodriguez Decl., ¶ 20). Even with a conservative estimate of 20 bi-weekly pay periods per year, penalties for Rychart alone reach over $160,000 ($200 for each violation * four (4) violations * 20 pay periods * 10 years = $160,000).

19.    Plaintiffs' sixth cause of action is for failure to maintain and provide required records. Plaintiffs allege that Circle K "failed to comply with § 7 of the applicable IWC Orders and with Labor Code § 1174 by failing to maintain certain records which employers are required to maintain, including but not limited to, all wage records" (**Exhibit C**, FAC, ¶ 193).  Plaintiffs allege that such violations of Labor Code § 2699, *et seq.* impose upon Circle K a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation.

20.    Plaintiff's seventh cause of action is for failure to reimburse work related expenses. Plaintiffs allege that they "made necessary expenditures and incurred losses as a direct consequence of the discharge of their duties and in obedience to the directions of Defendants including, but not limited to cell phone and data expenses" (**Exhibit C**, FAC, ¶ 208). Plaintiffs further allege that Circle K "knew Plaintiffs were incurring the expenses and were responsible for reimbursing Aggrieved Employees for their expenditures and losses as a direct consequence of the discharge of their duties, but failed to do so" (**Exhibit C**, FAC, ¶ 209). Plaintiffs allege that such violations of Labor Code § 2699, *et seq.* impose upon Circle K a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation.

21.    Plaintiff's eighth cause of action is for failure to properly pay sick pay. Plaintiffs allege that Circle K "failed to (1) provide paid sick leave; (2) include required information about paid sick leave in wage notices and/or wage statements, including without limitation information on the amount of paid sick leave hours accrued; (3) provide required information about paid sick leave to employees, including without limitation at the time of hire; (4) at the time of hire, provide employees with written notice of the employer's name, address, and telephone number; (5) provide required information about paid sick leave in English, Spanish, Chinese, and in all languages spoken by 5%

7

**DEFENDANT'S NOTICE OF REMOVAL**

or more of the employees; (6) post required sick leave notices; (7) maintain payroll records; and/or (8) provide wage statements, and therefore Defendants have violated one or more municipal sick leave ordinances, including without limitation the sick leave ordinances of Berkeley, Emeryville, Long Beach, Los Angeles, Oakland, San Diego, San Francisco, and Santa Monica" (**Exhibit C**, FAC, ¶ 216). Plaintiffs allege that such violations of Labor Code § 2699(f) impose upon Circle K a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation.

22.    Plaintiffs' ninth cause of action is a claim for miscellaneous Labor Code violations via the PAGA. Plaintiffs allege that such violations of Labor Code § 2699(f) impose upon Circle K a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation.

### COMPLIANCE WITH STATUTORY REQUIREMENTS FOR REMOVAL

23.    Under 28 U.S.C. Section 1446(b)(1), a notice of removal is timely if it is filed with 30 days of the defendant's receipt of a copy of the initial pleading setting forth the claim for relief upon which the removed action is based. Circle K was served with Plaintiffs' First Amended Complaint on January 30, 2026 (**Exhibit C**, FAC). Therefore, this Notice of Removal is timely.

24.    Pursuant to 28 U.S.C. § 1441(a), the United States District Court, Southern District is the proper venue for this removal, because the Complaint was filed in San Diego, which is within the boundaries of the Southern District of California.

25.    In accordance with 28 U.S.C. § 1446(d), Circle K will provide written notice of the filing of this Notice of Removal to counsel of record for Plaintffs, and a Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court of the State of California, County of San Diego.

26.    If any question arises as to the propriety of the removal of this action, Circle K respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

**DEFENDANT'S NOTICE OF REMOVAL**

McDermott Will & Schulte LLP
ATTORNEYS AT LAW
LOS ANGELES

27.   By removing this action to this Court, Circle K does not waive any defenses, objections, or motions available to them under state or federal law.

WHEREFORE, Circle K respectfully requests that these proceedings be removed to this Court.

Dated: March 2, 2026                            **MCDERMOTT WILL & SCHULTE LLP**

By: _____
                MARIA C. RODRIGUEZ
                ELVIRA R. KRAS
                ALEXANDER RANDOLPH
                Attorneys for Defendant
                CIRCLE K STORES, INC.

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

9

**DEFENDANT'S NOTICE OF REMOVAL**